| | | |
|---|---|---|
| IN RE: | } | |
| | } | |
| Claudette Porter, | } | CASE NO. 26-40070-JJR13 |
| | } | |
| Debtor. | } | |

## MEMORANDUM OPINION AND
## ORDER SUSTAINING OBJECTION TO CLAIM 34

This case came before the court on June 11, 2026, for a hearing on the Debtor's Objection to Claim 34 of Foundation Finance Company, LLC; Jefferson Capital Systems, LLC Assignee (Doc. 35) and the Response in Opposition filed by the Creditor (Doc. 58). The Debtor and the Creditor were given two weeks to submit briefs or evidentiary supplements. The Creditor submitted a copy of the Estimate (Doc. 61) and the Debtor submitted a supplemental argument (Doc. 62). The court considered the record including the claim, the objection, and the post-hearing submissions and for the reasons that follow, finds that the Objection is due to be sustained and the claim allowed only as general unsecured. The facts are not in dispute and this is not an evidentiary issue. The claim is prima facie valid, and the Debtor does not dispute the facts underlying the claim's allowance or its amount. The objection turns on the purely legal question of whether a security interest attached under Alabama law and whether the claim should be allowed as secured or unsecured.

The claim was filed for $25,909.20 fully secured by "basement waterproofing." Attached to the claim were an account statement, a retail installment contract and security agreement, a statement of completion, and a UCC financing statement for a fixture filing. After the hearing, the creditor also submitted an estimate that described the work to be performed in more detail. The Debtor's supplemental filing dealt with attachment of a security interest under the Alabama Uniform Commercial Code as well as with the issue of perfection vis-à-vis a fixture filing. The court does not need to reach the issue of whether the fixture filing was sufficient to perfect any interest, and the lack-of-perfection argument would belong to the trustee rather than the Debtor in any event. *See In re Shropshire*, 284 B.R. 145, 148 (Bankr. N.D. Ala. 2002) ("Perfection bears no impact upon the secured/ unsecured determination of the debtor and the secured creditor. . . . A

security interest *is* valid against the debtor regardless of the perfection. Although there may be consequences if the security interest is not properly perfected, *e.g.* the strong-arm powers under 11 U.S.C. § 544, that is not the issue at stake here.").

The threshold and determinative issue is whether the retail installment contract and security agreement created a security interest that remained attached to any goods that were described therein, without regard to perfection. The security agreement form language is unambiguous in the "Additional Terms and Conditions" on page 2: "You grant us a security interest in the goods purchased by you and described on the first page of this Contract (the "Collateral") as well as all accessions to and proceeds of those goods." The security agreement language on the first page in the disclosures then describes the goods being purchased as simply "waterproofing." The proof of claim also describes the collateral as "basement waterproofing." The contract and security agreement makes no mention of a sump pump or hot water heater, nor does it reference or attempt to incorporate the separate estimate that was provided after the hearing and which included a sump pump and hot water heater.

The question then is whether any goods were purchased that the term "waterproofing" would sufficiently describe and if so, whether the attachment would survive the goods being incorporated into the home (in other words, did the waterproofing become a fixture). A security interest under Alabama's UCC "does not exist … in ordinary building materials incorporated into an improvement on land." Ala. Code § 7-9A-334(a). The official comment elucidates further in distinguishing goods that may become fixtures from goods that lose their chattel character upon incorporation into the real estate: "[I]f the goods are ordinary building materials incorporated into an improvement on land, no security interest in them exists." Such ordinary building materials "have become an integral part of the real property and cannot retain their chattel character for purposes of finance." *Id.* Off. Cmt. 3.

Neither party cited any authority directly on point dealing with waterproofing as a potential fixture. The court finds that waterproofing, as that term is ordinarily understood and as used in the security agreement, refers to a membrane material applied to basement walls (this reading is also supported by the language of the estimate document). When used as a noun, dictionaries define waterproofing as "something (such as a coating) capable of imparting waterproofness" (*Waterproofing,* Merriam-Webster.com, https://www.merriam-webster.com/dictionary/waterproofing (last visited July 16, 2026)), and "a composition for

making articles waterproof." *Waterproofing,* Webster's New Universal Unabridged Dictionary (2d ed. 1979).

Thus, standing alone and without a more detailed description, waterproofing is best understood to be an ordinary building material. It is analogous to siding, windows, flashings, paint, caulking, sealants, mortar and roof membrane, which are also treated as ordinary building materials, and which lose their chattel character upon incorporation into a building. *See, e.g., In re Vincent*, 468 B.R. 802 (Bankr. E.D. Va. 2012) (explaining that ordinary building materials such as studs, rafters, joists, pipes and ductwork, doors, windows, stairs, and roof trusses begin as goods but lose their chattel character and do not become fixtures upon incorporation under Virginia's UCC, which tracks with Alabama's UCC). As with those items, a waterproofing membrane, even if it began as a good that might be subject to chattel financing, certainly lost any separate identity when it was incorporated into the basement of the dwelling as ordinary building material, not as a fixture.  Accordingly, no security interest in the waterproofing existed under Ala. Code § 7-9A-334(a) as of the petition date. There being no other collateral described in the security agreement, the claim is due to be classified as a nonpriority general unsecured claim. The objection (Doc. 35) is therefore SUSTAINED, the response in opposition (Doc. 58) is OVERRULED, and the claim allowed in its entirety as general unsecured.

So ORDERED this the 16th day of July 2026.

/s/ James J. Robinson
JAMES J. ROBINSON
U.S. BANKRUPTCY JUDGE